IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-38-BO-KS

KHADIM HUSSAIN MALIKI,  )
        Plaintiff,  )
          )
v.  )    ORDER
          )
MARCO RUBIO[1], Secretary of the United  )
States Department of State, *et al.*  )
        Defendants.  )

    This cause comes before the Court on defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff, who proceeds in this action *pro se*, has responded and the motion is ripe for ruling. For the reasons that follow, the motion for judgment on the pleadings is granted in part and denied in part.

## BACKGROUND

    Plaintiff instituted this action by filing a complaint for declaratory and injunctive relief against defendants in which he seeks to compel action on four I-730 Forms, Refugee Relative Petitions, filed by plaintiff with the United States Citizenship and Immigration Services (USCIS) on behalf of his spouse and children. Plaintiff contends that defendants have unlawfully and unreasonably delayed in deciding the petitions and that as a result plaintiff has endured profound hardship. Plaintiff raises claims under the Administrative Procedures Act and seeks a writ of mandamus pursuant to 28 U.S.C. § 1361. [DE 1].

    Defendants have answered the complaint and seek judgment on the pleadings. Defendants argue that there is no mandamus jurisdiction, that plaintiff has failed to state a cognizable claim

---

[1] *See* Fed. R. Civ. P. 25(d).

under the Administrative Procedures Act (APA), and further that there is no jurisdiction as to the APA claim against the Director of the Federal Bureau of Investigation because he is not legally required to take any action.

## DISCUSSION

A Rule 12(c) motion raising a failure to state a claim defense is considered under the same standard as a Rule 12(b)(6) motion. *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011). Thus, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, this standard does not permit a plaintiff to merely plead the elements of a cause of action alongside legal conclusions; the Court need not accept those as true. *Id.* at 555. The primary distinction between Rules 12(b)(6) and 12(c) is that Rule 12(c) permits a court to consider a defendant's answer in addition to plaintiff's complaint. However, a defendant may not rely on allegations of fact as provided in the answer if they are contradictory to the facts presented in the complaint. *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Judgment on the pleadings should be granted therefore only "where the moving party is clearly entitled to the judgment it seeks as a matter of law." *Med-Trans Corp. v. Benton*, 581 F. Supp. 2d 721, 728 (E.D.N.C. 2008).

A party may also raise the issue of subject matter jurisdiction through a Rule 12(c) motion, and the Court may consider both the complaint and the answer when deciding the motion. *Cook v.*

*Superior Assisted Living, LLC*, Civil Action No. EA-24-815, 2024 U.S. Dist. LEXIS 214701, at *9 (D. Md. Nov. 26, 2024). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Immigration and Nationality Act (INA) provides the Attorney General with discretion to admit refugees who are "not firmly resettled in any foreign county, [are] determined to be of special humanitarian concern to the United States, and [are] admissible . . . ." 8 U.S.C. § 1157(c)(1). As is relevant here, the INA further provides that the spouse or children of a qualified refugee "shall . . . be entitled to the same admission status as [the] refugee" if they accompany or follow to join the refugee and are otherwise admissible. *Id.* § 1157(c)(2)(A).

In order to petition for a spouse or child to "follow to join," a refugee must file an I-730 petition. *Id.*; 8 C.F.R. § 207.7(d). The limitations on derivatives of refugees and the I-730 policies and procedures are laid out in 8 C.F.R. § 207.7 and the Foreign Affairs Policy Manual (FAM).

> The I-730 petition has two distinct phases. First, USCIS must grant approval of the petition if the principal refugee establishes a qualifying relationship such as a spouse or unmarried minor child. 8 C.F.R. § 207.7(a), (d). Then, depending on where the principal refugee's family is located, USCIS will either make travel determinations about the family members or transition the petition to the State Department to make those same travel determinations. *Id.* § 207.7(f)(2); 9 FAM § 203.5-2(b)(3). In the countries where USCIS maintains a field office, there is no question that USCIS is responsible for the I-730 petition until it is denied, or until travel authorization is issued. 9 FAM § 203.5-2(b)(3). In countries where USCIS does not maintain a field office, it charges the State Department with making the travel eligibility determinations, while reserving the right to review any discrepancies in the petition. 8 C.F.R. § 207.7(f)(2); 9 FAM § 203.5-2(a)(6).

*N.A. v. Jaddou*, No. 23-CV-01634-AJB-BGS, 2024 WL 1898470, at *4 (S.D. Cal. Apr. 30, 2024).

3

In this case, as alleged by plaintiff and demonstrated by the documents attached to the government's motion, plaintiff was admitted to the United States as a refugee on September 5, 2019. [DE 10-2]. Plaintiff filed I-730 petitions on behalf of his spouse and three of his children in May 2021. Plaintiff's spouse and children live in Afghanistan. On March 30, 2022, plaintiff received notice that his I-730 petitions had been transferred to the processing unit at the USCIS Asylum Vetting Center. [DE 1-4]. On November 30, 2023, USCIS approved the I-730 petitions submitted by plaintiff. [DE 10-2]. Plaintiff was informed by the State Department on December 12, 2023, that, because the U.S. Embassy in Afghanistan has ceased operations, interviews of his spouse and children would need to be conducted at an alternate U.S. Embassy or Consulate, and that plaintiff would need to specify a requested alternate location. [DE 10-3]. Plaintiff did not respond. *Id.*

Plaintiff subsequently initiated this action. After receiving notice of this action, the National Visa Center transferred plaintiff's I-730 cases to the U.S. Embassy in Islamabad, Pakistan, as requested by plaintiff in his complaint. *Id.* In general, the referrals received by the National Visa Center for travel eligibility interviews are conducted on a first-in, first-out basis by the consular section in Islamabad. [DE 10-4].

. First, the Mandamus Act also does not vest this Court with subject matter jurisdiction to consider the pace at which the agency is adjudicating plaintiff's Form I-730. The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Jurisdiction to consider a writ of mandamus exists only where "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is

4

available." *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988). Mandamus is disfavored, and will only be proper where the "duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." *Id.*

Here, the government officials tasked with processing follow-to-join refugee benefits are given discretion in adjudicating Form I-730 petitions. *See* 8 U.S.C. § 1157(c). Moreover, as is relevant here, the speed with which a Form I-730 petition is adjudicated is not prescribed by statute or regulation. Such tasks are not ministerial, and plaintiff cannot show a clear duty to act. *Meyers v. United States Dist. Court for the Dist. of Md. Balt. Div.*, Civil Action No. DKC-23-3015, 2024 U.S. Dist. LEXIS 22014, at *3 (D. Md. Feb. 8, 2024) ("A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment."); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 374 n.9 (4th Cir. 2021) (where agency has unreviewable discretion in decision to adjudicate claim, no clear duty to act). Plaintiff has failed to invoke the Court's jurisdiction under the Mandamus Act.

Plaintiff has failed to respond to defendants' argument that the Court also lacks jurisdiction over any claim against the Director of the Federal Bureau of Investigation (FBI) related to processing a "name check," which is not specified in the follow-to-join statute. For those reasons outlined by defendants, the claim against the FBI Director is dismissed.

Plaintiff has, however, stated a plausible claim under the Administrative Procedures Act (APA). The APA prohibits government action which is "unreasonably delayed." 5 U.S.C. § 706(1). "A claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage." *Gonzalez*, 985 F.3d at 375 (citing *TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)). The Court thus declines to dismiss the APA claim at this stage, as it finds that plaintiff has plausibly alleged unreasonable delay.

5

## CONCLUSION

For the foregoing reasons, defendants' motion for judgment on the pleadings [DE 11] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this **14** day of February 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE